IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EMMANUEL LEWIS BEATY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:21-CV-210-WHA |
| ) | (WO) |
| H & W TIRE and AUTO, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**[1]

Emmanuel Lewis Beaty, an inmate confined in the Lee County Detention Center, filed this 42 U.S.C. § 1983 complaint on March 3, 2021.[2] Beaty challenges the constitutionality of his arrest, detention and prosecution for criminal mischief arising from actions which occurred in August of 2016. Doc. 1 and Doc. 1-2.[3] Beaty maintains that his

---

[1]All documents and page numbers cited herein are those assigned by the Clerk of this court in the docketing process.

[2]The Clerk stamped the complaint "received" on March 10, 2021. Beaty, however, verified execution of the complaint on March 3, 2021. Doc. 1 at 4. Thus, the latter date is the earliest date Beaty could have placed the complaint in the jail's mail system. A pro se inmate's complaint is deemed filed under "the mailbox rule" the date he places it in the facility's mail system for delivery to the court. *Houston v. Lack,* 487 U.S. 266, 271–72 (1988); *Fuller v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). The court therefore considers March 3, 2021 as the date of filing for this action.

[3]Information regarding Beaty's criminal mischief charge appears on the case action summary for the state court of Lee County, Alabama, maintained by the Alabama Trial Court System and hosted at www.alacourt.com. In accordance with applicable federal law, the court takes judicial notice of the state court record, *see Keith v. DeKalb Cnty*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014), and uses relevant information contained in this record in this Recommendation.

current incarceration is based on charges wholly unrelated to the criminal mischief charge and contends that his current charges are irrelevant to this case. Doc. 1 at 2.

In the instant complaint, Beaty alleges violations of numerous constitutional rights relating to his 2016 arrest for criminal mischief, his imprisonment pending trial, and his prosecution on this charge, for which he was ultimately acquitted. Doc. 1 at 2–3; Doc. 1-2 at 1–22. Beaty names as defendants H & W Tire and Auto; Mike Thrower and Patrick Thrower, the owners of this business; an unidentified salesman employed by H &W; the City of Opelika, Alabama; Stanley Garrett, an officer employed by the Opelika Police Department who participated in his 2016 arrest; Lee County, Alabama; Brandon M. Hughes, the District Attorney for Lee County at the time relevant to the complaint; Cathey Berardi and Jessica L. Ventiere, Assistant District Attorneys assigned to prosecute his criminal mischief case; and Bill English, Probate Judge of Lee County, Alabama.

Upon review of the complaint and attachment, the undersigned concludes that this case is due to be dismissed prior to service of process in accordance with 28 U.S.C. § 1915(e)(2)(B)(i).(ii) and (ii).[4]

---

[4]The court granted Beaty leave to proceed *in forma pauperis* in this civil action. Doc. 3. It is therefore obligated to screen the complaint for possible summary dismissal under 28 U.S.C. § 1915(e)(2). Specifically, the screening procedure requires the court to "dismiss the case at any time if the court determines that— . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii); *see also* 28 U.S.C. §§ 1915A(b)(1)-(2) ("On review [of a prisoner's complaint against government officials], the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief.").

## II.  FACTS AND ALLEGATIONS[5]

Law enforcement officials with the Opelika Police Department arrested Beaty for criminal mischief on August 30, 2016. This arrest related to actions which occurred on August 2, 2016 relating to Beaty's operation of an automobile owned by H & Tire and Auto.  A duly empaneled grand jury for Lee County indicted Beaty for first degree criminal mischief on August 24, 2017.

Beaty alleges that defendant Garret subjected him to an unlawful arrest on August 30, 2016 for criminal mischief which resulted in his illegal pre-trial detention for 195 days and his malicious prosecution, as the trial court acquitted him of this offense on August 6, 2018.  Beaty also challenges various actions undertaken by then District Attorney Brandon M. Hughes and Assistant District Attorneys Cathey Berardi and Jessica L. Ventiere in the presentation of his case to the grand jury and the subsequent prosecution of his case before the petit jury. In addition, Beaty alleges that Mike Thrower, Patrick Thrower and their salesman provided perjured testimony against him.

## III.  DISCUSSION

### A.  Statute of Limitations

The claims presented in the instant complaint are subject to the statute of limitations applicable to a federal civil action filed by an inmate under 42 U.S.C. § 1983.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the

---

[5] The facts and allegations set forth herein are a synopsis of those contained in the complaint, Doc. 1, and attachment to the complaint, Doc. 1-2, which are, at best, disjointed, rambling and difficult to follow.  As previously noted, the undersigned also obtained additional relevant facts from the state court record in Beaty's criminal mischief case.

> § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275–76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). Although state law supplies the statute of limitations, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (emphasis in original).

"[T]he statute of limitations upon a § 1983 claim . . . for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397; *Burgest v. McAfee*, 264 F. App'x 850, 852 (11th Cir.), *cert. denied*, 555 U.S. 997, 129 S.Ct. 489 (2008) ("An action for false imprisonment accrues when the prisoner 'becomes held pursuant to [legal] process[.]'"). "Limitations begin to run against an action for false imprisonment when the alleged false imprisonment ends" and such is deemed to occur once a plaintiff "becomes held *pursuant to [legal] process*—when, for example, he is bound over by a magistrate or arraigned on charges[,]" because at that point any "unlawful detention forms . . . the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process." *Id*. at 389–90 (emphasis in original). In *Wallace,* the Supreme Court specifically held that commencement of the statute of limitations for claims based on false arrest and false imprisonment is not delayed because of an anticipated future

4

conviction, *id*. at 393–94, nor is it tolled while the bar established in *Heck v. Humphrey*, 512 U.S. 477 (1994) subsists. *Id*. at 394–96. The state court record establishes that a Lee County grand indicted Beaty on August 24, 2017, and he entered a plea of not guilty and waiver of arraignment on September 7, 2017. Thus, the limitations period began to run on the false arrest and false imprisonment claims at the very latest upon Beaty's indictment on August 24, 2017. With respect to Beaty's malicious prosecution claim, the statute of limitations began to run "when the criminal proceedings against him terminated in his favor—that is, when he was acquitted at the end of his [] trial." *McDonough v. Smith*, __ U.S. __, __. 139 S. Ct. 2149, 2161, 204 L. Ed. 2d 506 (2019). As to any other claims presented by Beaty, the statute of limitations began to run when "the facts which would support a cause of action [were] apparent or should [have been] apparent to a person with a reasonably prudent regard for his rights." *Rozar v. Mills*, 85 F.3d 556, 561–62 (11th Cir. 1996) (internal quotations and citation omitted); *Calhoun v. Alabama Alcoholic Beverage Control Board*, 705 F.2d 422, 425 (11th Cir. 1983) (same).

All of the actions about which Beaty complains occurred over two years prior to his filing this case and are therefore barred by the two-year statute of limitations.[6] By its express terms, the tolling provision of *Ala. Code* § 6-2-8(a) affords no relief to Beaty from application of the time bar.[7] The statute of limitations applicable to Beaty's claims

---

[6]In his attachment to the complaint, Beaty acknowledges application of the statute of limitations but mistakenly believes it is three years in duration. Doc. 1-2 at 11.

[7]The tolling provision provides that if an individual who seeks to commence a civil action "is, at the time the right accrues, below the age of 19 years, or insane, he or she shall have three years, or the period allowed by law for the commencement of an action if it be less than three years, after the termination of the disability to commence an action," but such tolling shall not exceed "20

challenging the constitutionality of actions which occurred from August of 2016 until his acquittal for the charge of criminal mischief in August of 2018 ran uninterrupted until expiration prior to his filing this case on March 3, 2021. Specifically, the limitations period for those claims related to Beaty's arrest and imprisonment and the actions of prosecutors in the indictment process ran from August 25, 2017,[8] at the latest, until its expiration on August 26, 2019[9]; the limitations period for the malicious prosecution claim and any claim arising from the conduct of prosecutors during proceedings related to Beaty's trial for criminal mischief ran from August 7, 2018, the day after his acquittal, until its expiration on August 7, 2020.

The statute of limitations is usually raised as an affirmative defense. It is well-established, however, that when a plaintiff proceeds *in forma pauperis* in a civil action the court may *sua sponte* consider affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915(d) [now§ 1915(e)(2)(B)(i)]

---

years from the time the claim or right accrued." Ala. Code § 6-2-8(a). The state court record of which the court has taken judicial notice demonstrates that Beaty had not been deemed legally insane nor was he under the age of 19 at the time that any of his claims accrued.

[8]The state court record shows that the grand jury issued the indictment on August 24, 2017. However, in computing the federal period of limitations, a court must "exclude the day of the event that triggers the period[.]" Rule 6(a)(1)(A), Fed. R. Civ. P.

[9]Since the expiration of the limitations period for Beaty's illegal arrest and false imprisonment claims fell on August 25, 2019, a Sunday, the two-year period of limitations expired on the following Monday, August 26, 2019. Rule 6(a)(1)(C), Fed. R. Civ. P. ("[I]f the last day [of the period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of the defendant or defendants, the district court must evaluate the merit of the claim sua sponte." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, the attachment to the complaint, and the relevant state court record, Beaty has no legal basis on which to proceed with respect to the claims presented in this case because these claims accrued in 2016, 2017 or 2018. As explained above, the statutory tolling provision is unavailing. Consequently, the two-year period of limitations expired on the claims presented by Beaty prior to Beaty's filing the instant complaint. In light of the foregoing, the court concludes that Beaty's claims are barred by the applicable two-year statute of limitations and are therefore subject to dismissal as frivolous in accordance with 28 U.S.C. § 1915(e)(2)(B)(i). *See Smith v. Shorestein*, 217 F. App'x 877, 880 (11th Cir. 2007) (stating "[t]he expiration

of the statute of limitations warrants dismissing a complaint as frivolous.") (citing *Clark*, 915 F.2d at 640, n.2 (11th Cir. 1990)).

### B. Claims Against Mike Thrower, Patrick Thrower and an unnamed salesman

In addition to the fact that Beaty's claims are barred by the statute of limitations, his claims against the owners and an employee of H & W Tire and Auto, the complaining witnesses in his criminal case, are unavailing under 42 U.S.C. § 1983.

An essential element of a § 1983 action is that a person acting under color of state law committed the asserted constitutional deprivation. *American Manufacturers Mutual Ins. Company v. Sullivan*, 526 U.S. 40 (1999); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

> To state a [viable] claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. . . . [T]he under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948)). . . . [Consequently,] state action requires *both* an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," *and* that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)."

*American Manufacturers*, 526 U.S. at 49–50 (footnote omitted) (emphasis in original).

The actions of the witnesses about which Beaty complains were not committed by persons acting under color of state law; rather, the criminal charge and testimony provided

by these individuals against Beaty resulted from "merely private conduct" excluded from the reach of § 1983.

Moreover, to the extent Beaty alleges that the Throwers and their salesman committed perjury, the law is well-settled that 42 U.S.C. § 1983 does not authorize a damages claim for alleged acts of perjury during state court proceedings. *Briscoe v. LaHue*, 460 U.S. 325, 334–336 (1983) (holding that all witnesses, including government officials, are entitled to absolute immunity from damages liability for their testimony in judicial proceedings); *Kelly v. Curtis,* 21 F.3d 1544, 1553 (11th Cir.1994) (holding that a witness "is absolutely immune from a § 1983 civil action for his testimony, even if false, before the grand jury."); *Freeze v. Griffith*, 849 F.2d 172, 174 (5th Cir. 1988) (holding that whether an individual lied as either a witness or a petit juror is immaterial because he "is absolutely immune from liability for damages under 42 U.S.C. § 1983."); *Austin v. Borel*, 830 F.2d 1356, 1359 (5th Cir. 1987) (holding that "Witnesses . . . who testify in judicial proceedings are . . . shielded by absolute immunity.").

In light of the foregoing, the claims against these defendants are likewise due to be summarily dismissed in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) because they fail to state claims on which relief may be granted and are asserted against individuals entitled to absolute immunity.

### C.  Claims Against State Prosecutors

Even without the time bar, Beaty's claims against the District Attorney and Assistant District Attorneys also entitle him to no relief. The law is well settled that "a prosecutor is entitled to absolute immunity for all actions he [or she] takes while

performing his [or her] function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate."); *Rivera v. Leal,* 359 F.3d 1350, 1353 (11th Cir. 2004) (holding that a prosecutor is entitled to absolute immunity for all actions performed within the scope of his or her role as a government advocate); *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (In a § 1983 action, "the immunity that the law grants prosecutors [for actions intimately associated with initiation, prosecution and punishment in a criminal case] is 'absolute.'"); *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002) ("A prosecutor is entitled to absolute immunity for all actions he [or she] takes while performing [their] function as an advocate for the government."). The absolute immunity afforded prosecutors protects against "impair[ing] the performance of a central actor in the judicial process." *Malley v. Briggs*, 475 U.S. 335, 343 (1986). The law is well settled that absolute immunity from § 1983 liability is afforded to all conduct of a prosecutor in "initiating a prosecution and in presenting the State's case . . . [when] that conduct is intimately associated with the judicial phase of the criminal process[.]" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (internal quotations and citation omitted). Moreover, "[a]bsolute prosecutorial immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously[.]" *Grant v. Hollenbach,* 870 F.2d 1135, 1138 (6th Cir. 1989) (quotations omitted). Beaty's allegations against the prosecutors do not support the conclusion that their purported wrongful conduct was outside their role as advocates for the State. Thus, defendants Hughes, Berardi and Ventiere are entitled to absolute

prosecutorial immunity. *Buckley*, 509 U.S. at 273; *Burns*, 500 U.S. at 493. Therefore, the claims against these defendants are also due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice in accordance with 28 U.S.C. § 1915(e)(2)(B)(i), as the claims presented in the complaint are barred by the applicable statute of limitations. In addition to the statute of limitations bar relevant to the claims presented in the complaint, it is further the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims against Mike Thrower, Patrick Thrower and an unnamed car salesman be dismissed with prejudice prior to service of process pursuant 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii).

2.   The plaintiff's claims against former District Attorney Brandon M. Hughes, Assistant District Attorney Cathey Berardi and Assistant District Attorney Jessica L. Ventiere for actions undertaken while representing the State in criminal proceedings before the Circuit Court of Lee County, Alabama be DISMISSED with prejudice in accordance with 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii) because these defendants are entitled to prosecutorial immunity on such claims.

On or before **April 6, 2021**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 22nd day of March, 2021.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge